**Jan CHANG, Appellant,**

v.

**LINH NGUYEN and Linh Nutrition Program, Inc., Appellees.**

**No. 14–00–01089–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 20, 2001.

Robert Higgason, The Woodlands, for appellant.

Thomas Huyen Nguyen, Terri Barziza Mossier, Linh Nguyen, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

## OPINION

RICHARD H. EDELMAN, Justice.

▆▆ In this libel case, Jan Chang appeals a judgment in favor of Linh Nguyen and Linh Nutrition Program, Inc. (collectively, "Linh") on the grounds that: (1) two of the three defamatory letters written by Linh constituted libel per se and the third constituted libel as a matter of law; (2) absolute privilege does not apply as a matter of law; (3) the trial court abused its discretion when it ruled that the issue of privilege had been tried by consent; and (4) the great weight and preponderance of the evidence shows that she is entitled to recover damages.[1] We affirm.

### Background

Chang sued Linh for statements made in three letters (the "letters") that an em-

---

\* Senior Justice Don Wittig sitting by assignment.

1. As a preliminary matter, Linh argues that Chang waived her right to appeal by her attorney's agreement to the form and substance of the take-nothing judgment, and thus, her appeal is moot. It is generally true that a party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex.App.-Dallas 1997, no writ). Thus, a party's consent to a trial court's entry of judgment waives any error in the judgment, except jurisdictional error. *Id.* However, to have a valid consent judgment, each party must explicitly and unmistakably give its consent. *Id.* The phrase "approved as to form and substance" standing alone does not transform a judgment into a consent judgment. *Id.* Rather, in order for a judgment to be a consent judgment, the body of it must suggest, for instance, that the case had been settled or that the judgment was rendered by consent. *Oryx Energy Co. v. Union Nat'l Bank*, 895 S.W.2d 409, 417 (Tex.App.-San Antonio 1995, writ denied); *First American Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex. App.-Corpus Christi 1992, writ denied). In this case, the parties' attorneys approved the take nothing judgment as to "form and substance" but there is nothing more in the record to show that they settled or entered the judgment by consent or the like. Therefore, Chang's appeal is not waived by her attorney's approval of the judgment.

ployee of Linh sent to the Texas Department of Human Services ("TDHS"). Following a trial to the bench, the trial court rendered a take-nothing judgment against Chang. Although both parties filed proposed findings of fact and conclusions of law ("findings and conclusions"), the trial court did not enter any.

On appeal, Chang's first issue argues that two of the three letters constitute libel per se because they falsely accused Chang of criminal conduct, i.e., fraud and violating the TDHS regulations; and the third letter constitutes libel as a matter of law because it impugned Chang's integrity and honesty.[2]

### Failure to File Findings and Conclusions

■ Because it governs the standard of review applicable the first issue, we address Chang's fifth issue first. Chang's fifth issue argues that the trial court erred in failing to file findings and conclusions when the parties timely requested them. However, as Chang's counsel acknowledged at oral argument, her failure to file a notice of past due findings and conclusions waived the right to complain about the trial court's failure to file them. *See* TEX.R. CIV. P. 297; *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 255 (Tex.1984). Accordingly, Chang's fifth issue is overruled.

### Standards of Review

■ When an appellant does not request or file findings and conclusions, the appellate court presumes that the trial court found all fact questions in support of its judgment and must affirm on any legal theory finding support in the pleadings and evidence. *IKB Indus. (Nigeria) Ltd.*

---

2. The allegedly libelous per se statements in the first letter are that:

[Linh] has received many telephone calls from our providers regarding the advertisements they just received in the mail from Nutri–Services & Training, under the sponsorship of Ms. Jan Chang and Helen Le. The advertisement contains one pamphlet in three languages and a flyer in Vietnamese. The flyer tells providers that her food program offers free training for CPR and First Aid and free 20 clock hours of instruction to meet Licensing Department's annual requirements.

We would like to know if it is legal for another program to send out advertisement to recruit providers before June 1. We also find this advertisement from Ms. Chang's program disingenuous. It is extraordinary that the size of her program can afford to provide all this actual training to providers at no charge. Some of our providers have informed us the [sic] Ms. Helen Le's husband teaches CPR and First Aid. They also said that all they have to do is give him money in exchange for the training certificates. They do not have to sit through the lessons.

But this advertisement does sound too good to be true, unless someone is willing to just give these providers a certificate at no charge and send them home. Perhaps, this is not too high a price to pay to recruit providers from another program.

The allegedly libelous per se statements in the second letter are that:

As far as training violations by Nutri–Services and Training is concerned, we do have some information. About two months ago, a woman named Huynh Ngoc Ngon came to our office and asked for help on filling out some applications so she can become a registered day home provider. During that meeting she told us that Hong Le has called to ask her to join the program that Hong Le is working for. Hong Le also told her that, if she sign up with Nutri–Services, Hong Le would always call her before conducting home visits.

The allegedly libelous statements in the third letter are that: "Ms. Chang has allowed her recruiter Helen Le to recruit our providers before the allowable date of June 1, 1998."

*v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997). A party attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). In reviewing such a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The issue should be sustained only if the contrary proposition is conclusively established. *Id.*

A party attacking the factual sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242. The reviewing court must consider all of the evidence, and may set aside a verdict only if the evidence is so weak, or if the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.*

To recover on a claim for libel,[3] a plaintiff must prove that the defendant (1) published (2) a false defamatory statement in written or printed material (3) to a third party. *KTRK Television v. Felder*, 950 S.W.2d 100, 105 (Tex.App.-Houston [14th Dist.] 1997, no writ). A false statement which charges a person with the commission of a crime is libelous per se. *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369, 374 (Tex.1984). Pleading libel per se eliminates the requirements to plead or prove special damages, but does not shift the burden for proving the falsity of the allegedly defamatory statements. *Swate v. Schiffers*, 975 S.W.2d 70, 74 (Tex. App.—San Antonio 1998, pet. denied). The plaintiff still bears the burden of proving falsity, as well as the other elements of his cause of action. *Id.; Rogers v. Cassidy*, 946 S.W.2d 439, 447 (Tex.App.-Corpus Christi 1997, no writ) (holding that the implication of a crime does not render a statement libelous per se unless there is also a showing that the charge was false).

Chang operates a non-profit social services organization that provides meals and a daycare program for children. The TDHS administers and funds such programs through sponsors, such as Chang and Linh, who have contracts with the TDHS. The sponsors use "providers" to provide the daycare and prepare and serve meals in their homes to the children. The providers must be licensed by the Texas Department of Protective Regulatory Services and turn in monthly reports to their sponsors. The TDHS reimburses the sponsors and providers for the expenditures for meals per child fed.

In this case, Chang contends that Linh's letters to the TDHS made false statements that Chang: (1) fraudulently issued CPR and First Aid Certificates to providers without requiring them to actually attend training,[4] (2) promised prospective providers that she would announce her home

---

3. Libel is a defamation expressed in written form that tends to (a) injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or (b) to impeach any person's honesty, integrity, virtue, or reputation. Tex.

Civ. Prac. & Rem.Code Ann. § 73.001 (Vernon 1997).

4. The record does not indicate whether CPR training is a requirement to qualifying as a provider.

visits, thereby facilitating fraudulent reporting by the providers,[5] and (3) violated TDHS provider recruitment regulations by mailing recruiting brochures to prospective providers before the beginning of the recruitment period.

Chang testified that: (1) the first letter was false because she was present at all times when the CPR and first aid teacher, who was not on her staff, conducted the training; (2) the second letter was false because she has not announced her visits to providers; and (3) the third letter was false in that it would do her no good to recruit before the recruitment period begins because, even if she signed a contract with a sponsor, TDHS would not accept it. Conversely, Linh testified that: (1) in her opinion, the only reason Chang would have sent out the flyers is to recruit providers before the beginning of the recruitment period; and (2) several of her providers told her that Chang announced her home visits. In addition, Linh Uyen Pham, the employee of Linh who authored the letters, testified that: (1) providers brought in flyers from Chang advertising free CPR and first aid and asked whether the offer was legitimate; (2) providers asked Linh whether it was true that all they needed to do to get a CPR and first aid certificate was to pay money; and (3) several people informed Linh's organization that Chang called a provider before making a home visit.

As indicated above, in the absence of findings and conclusions, Chang must demonstrate on appeal that the evidence conclusively established all vital facts in support of libel or that the adverse non-finding of libel was against the great weight and preponderance of the evidence.

See Dow Chem. Co., 46 S.W.3d at 242–42. Although there was conflicting evidence, the falsity of the statements was not proved conclusively, nor would a (presumed) non-finding of falsity be against the great weight and preponderance of the evidence. See id. Accordingly, Chang's challenge to the trial court's take nothing judgment cannot be sustained, and Chang's first issue is overruled. Because the first issue is dispositive of the appeal, we do not address Chang's remaining issues, and the judgment of the trial court is affirmed.

5. Home visits are the means by which sponsors check on whether providers are actually feeding the number of children they are reporting to be feeding. If a sponsor announces her home visits before making them, the provider can more easily report feeding more children than she actually does.