02-09-464-CV.REH'G














 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

                                              NO.  02-09-00464-CV

 

 

IN RE NOBLE EZUKANMA                                                                    RELATOR

                                                                                                                             

 

                                                       ------------

 

                                           ORIGINAL
PROCEEDING

 

                                                       ------------

 

                                      OPINION ON REHEARING

 

                                                       ------------

We
have considered the Attorney General=s
and Real Party in Interest Njideka Lawreta Ezukanma=s
motions for rehearing of our November 17, 2010 opinion.  We deny the motions, but we withdraw our
November 17, 2010 opinion and judgment and substitute the following.

                                               I.  INTRODUCTION

Relator
Noble Ezukanma filed this petition for writ of mandamus and petition for writ
of habeas corpus challenging the respondent trial court=s
February 12, 2009 contempt order.  That
order holds Noble in contempt for failure to pay child support for his six
children during the months of March, April, and June 2008 and orders him
confined on the second and fourth weekends of each month for a total of one
hundred and seventy-four days.  We
conditionally grant relief.

                      II.  FACTUAL AND PROCEDURAL BACKGROUND

After
Noble and Njideka Lawreta Ezukanma (Lawreta) were divorced, the trial court
ordered Noble, in a subsequent suit to modify the parent-child relationship, to
pay Lawreta $5,400 per month in child support on the first day of each
month.  In June 2008, the Tarrant County
Domestic Relations Office IV-D Child Support Monitoring Program (DRO) filed a
Motion to Enforce By Contempt, asking that Noble be held in contempt for
failing to make the ordered payments for March 1, April 1, and June 1, 2008.  The motion also requested that the trial
court hold Noble in contempt for partially and untimely paying the December 1,
2007 and January 1 and February 1, 2008 payments.  The DRO alleged that as of June 9, 2008,
Noble=s
total cumulative arrearage was $23,044.78. 
The DRO also sought to hold Noble in contempt for Aany
future failure to make child support payments which accrue as of the date of
hearing@ on
the motion, specifically listing the June through December 2008 payments.

Noble
responded to the DRO=s motion by filing a motion
to modify the parent-child relationship, in which he moved the trial court to
reduce his child support payments because of Achanged
circumstances.@  At a hearing in February 2009 on both the
motion to enforce and motion to modify, Lawreta testified that as of September
1, 2008, Noble had paid all child support due up to that time in full,
including the payments for March 1, April 1, and June 1, 2008.  Her payment history exhibit that the trial
court admitted confirmed this testimony. 
However, the payment history also showed that Noble had accrued a new
arrearage on payments due in September 2008 through February 2009.

The
trial court denied Noble=s requested child support
reduction;[1]
found Noble $28,656.58 in arrears (for the September 2008 through February 2009
payments); found that Noble willfully and intentionally failed to obey the
trial court=s
child support order by failing to make payments on March 1, April 1, and June
1, 2008; held Noble in contempt for each of these violations; and sentenced him
to serve 180 days= confinement for each
violation, with each sentence to be served concurrently.

Noble
filed a motion for reconsideration of the contempt order, in which he contended
that if he were confined for 180 continuous days he would not be able to support
his children; he asked the trial court to modify its order of confinement to
either reduce the sentence or to allow the sentence to be served at times that
would not interfere with his being able to work.  The trial court=s
order on reconsideration (1) grants judgment for Lawreta for the arrearage; (2)
holds Noble in contempt of court for Ahaving
willfully and intentionally disobeyed the Court=s
Order, specifically, for having failed to make periodic child support payments
on . . . March 1, 2008, April 1, 2008, and June 1, 2008 as ordered@;
and (3) orders Noble to serve 174 calendar days in jail on the second and
fourth weekends of each month.  Because
Noble is confined for part of the month but not each day of the month, he filed
both a petition for writ of mandamus and petition for habeas corpus.  See In re Long, 984 S.W.2d 623, 625
(Tex. 1999); In re Office of Attorney Gen. of Tex., 215 S.W.3d 913, 916
(Tex. App.CFort
Worth 2007, orig. proceeding).  He has
not filed a motion for temporary relief, and we have not granted any.  See Tex. R. App. P. 52.10.

                                        III.  STANDARD OF REVIEW

Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re
Columbia Med. Ctr. of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009) (orig.
proceeding).

A
trial court clearly abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
With respect to the resolution of factual issues or matters committed to
the trial court=s discretion, we may not
substitute our judgment for that of the trial court unless the relator
establishes that the trial court could reasonably have reached only one
decision and that the trial court=s
decision is arbitrary and unreasonable.  Id.
at 839B40.  This burden is a heavy one.  In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003) (orig. proceeding).  We give
deference to a trial court=s
factual determinations, but we review the trial court=s
legal determinations de novo.  In re
Labatt Food Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009) (orig.
proceeding).  A trial court abuses its
discretion if it incorrectly interprets or improperly applies the law.  In re Dep=t of
Family & Protective Servs., 273 S.W.3d 637, 642B43
(Tex. 2009) (orig. proceeding); Walker, 827 S.W.2d at 840.

Contempt
orders are not reviewable by appeal; therefore, if a trial court abuses its
discretion by holding someone in contempt, there is no adequate remedy by
appeal, and the second prong of mandamus review is satisfied.  In re Office of Attorney Gen., 215
S.W.3d at 915B16.

                                                IV.  DISCUSSION

In a
single issue, Noble contends that the trial court abused its discretion by
holding him in contempt and sentencing him to jail for failing to pay child
support for March 1, April 1, and June 1, 2008, because he had made the
payments for those months before the February 2009 hearing on the motion to
enforce.  According to Noble, section
157.162(d) of the family code provides that a trial court may not hold a person
in contempt for the failure to make specified child support payments if that
person has made those payments in full by the time of the hearing on the motion
to enforce.  Thus, Noble contends that
the trial court=s contempt order is void.

A.  Section 157.162(d)

In
an original proceeding challenging a trial court=s
contempt order, the relator bears the burden of showing that the order is
void.  See In re Coppock, 277
S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). 
An order is void if it is beyond the power of the court to enter it or
if it deprives the relator of liberty without due process of law.  Id. 
A contempt order deprives a relator of due process and is void if it
exceeds a statutory limitation on contempt. 
See Ex parte Gerdes, 228 S.W.3d 711, 713 (Tex. App.CCorpus
Christi 2006, orig. proceeding); Gonzalez v. State, 187 S.W.3d 166, 171B72
(Tex. App.CWaco
2006, orig. proceeding); cf. In re Henry, 154 S.W.3d 594, 596 (Tex.
2005) (AA
commitment order that violates the Texas Constitution is beyond the court's
power and is void.@).

Section
157.162(d) of the family code provides that A[t]he
court may not find a respondent in contempt of court for failure to pay child
support if the respondent appears at the hearing with a copy of the payment
record or other evidence satisfactory to the court showing that the respondent
is current in the payment of child support as ordered by the court.@  Tex. Fam. Code Ann. ' 157.162(d)
(Vernon Supp. 2010).  Lawreta and the
Attorney General contend that section 157.162(d) precludes a trial court from
finding a person in contempt for failure to pay child support only if that
person is current with all child support payments by the time of a
hearing on a motion to enforce, not just those payments for which the movant
requested that the person be held in contempt. 
Lawreta further contends that even though Noble made the March 1, April
1, and June 1, 2008 child support payments before the February 2009 hearing,
because he did not make them timely on the dates they were due, Aas
ordered by the court@Cand
because he had a new arrearage by the time of the hearingCsection
157.162(d) did not prohibit the trial court from holding Noble in contempt for
those payments for which the movant requested that Noble be held in
contempt.  We agree with neither Lawreta=s
nor the Attorney General=s contentions.

B.  Rules of Statutory Construction

Statutory
construction is a legal question that we review de novo, ascertaining and
giving effect to the legislature=s
intent as expressed by the plain and common meaning of the statute=s
words.  Tex. Gov=t
Code Ann. ' 312.002 (Vernon 2005);
F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex.
2007); In re C.A.P., Jr., 233 S.W.3d 896, 900 (Tex. App.CFort
Worth 2008, no pet.).  We begin with the
statute=s
plain language because we assume that the legislature tried to say what it
meant and, thus, that its words are the surest guide to its intent.  Fitzgerald v. Advanced Spine Fixation Sys.,
Inc., 996 S.W.2d 864, 865B66
(Tex. 1999); In re C.A.P., 233 S.W.3d at 900.  In ascertaining legislative intent, we do not
confine our review to isolated statutory words, phrases, or clauses, but we
instead examine the entire act.  Meritor
Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001); In re
C.A.P., 233 S.W.3d at 900.  We may
also consider, among other things, the statute=s
objectives; legislative history; common law, former law, and similar
provisions; and the consequences of the statutory construction.  Tex. Gov=t
Code Ann. '
311.023(1)B(7)
(Vernon 2005); In re C.A.P., 233 S.W.3d at 900.

Every
word of a statute must be presumed to have been used for a purpose.  See Quick v. City of Austin, 7 S.W.3d
109, 123 (Tex. 1998); Laidlaw Waste Sys., Inc. v. City of Wilmer, 904
S.W.2d 656, 659 (Tex. 1995); In re C.A.P., 233 S.W.3d at 900.  Likewise, every word excluded from a statute
must also be presumed to have been excluded for a purpose.  Quick, 7 S.W.3d at 123; Laidlaw
Waste Sys., Inc., 904 S.W.2d at 659; In re C.A.P., 233 S.W.3d at
900.

C.  Contempt Order Prohibited When Specified,
Missed Child Support

          Payments Paid By Date of Enforcement Hearing

 

Lawreta
and the Attorney General contend that the phrase Acurrent
in payment of child support as ordered by the court@
means that the nonmovant must show that he or she has made all payments accrued
as of the date of the enforcement hearing, and Lawreta further contends that
the nonmovant must show that all such payments must have been made on the dates
and according to the terms set forth in the trial court=s
order.  In other words, if a nonmovant
appears at the enforcement hearing and has paid all accrued child support up to
that date, but has failed to make those payments on the dates and according to
the terms specified in the trial court=s
order, the trial court may still hold him or her in contempt.

This
construction of the statute fails to take into account the insertion of the
word Acurrent@
into section 157.162(d).  If the construction
urged by Lawreta and the Attorney General were correct, the statute would have
to say only that a trial court could not hold a respondent in contempt for
failure to pay child support if the respondent came to the hearing with
sufficient documentation of payment Aas
ordered by the court.@  This would allow contempt in all situations
but those in which payment records were inaccurate, misplaced, or
misapplied.  The word Acurrent@
means Aexisting
at the present time@ and Agenerally
accepted, used, practiced, or prevalent at the moment.@  Merriam Webster Online,
http://www.merriam-webster.com (last visited Mar. 8, 2011).  The insertion of the word Acurrent@
into section 157.162(d) is important because it evidences an intent that the
nonmovant be caught up on court-ordered payments specified in the motion to
enforce as of the date of the hearing. 
Moreover, the legislature included the present tense Ais@
current at the time of the hearing, rather than the past tense Awas@
current, which would suggest that the nonmovant would have to prove payment was
current at the time of the filing of the motion to enforce.  See Tex. Gov=t
Code Ann. ' 311.011(a)
(Vernon 2005).  Thus, we conclude that
the correct interpretation of section 157.162(d) is that a trial court may not
hold a nonmovant in contempt for failure to make specified child support
payments if that person caught up with (i.e., is Acurrent@ in)
those payments by the date of the enforcement hearing.

The
contents of a motion to enforce child support are controlled by section 157.002
of the family code.  Tex. Fam. Code Ann. ' 157.002(a)B(b)
(Vernon 2009).  That section provides in
pertinent part: AA motion for enforcement of
child support[,] . . . if contempt is requested, must include the portion of
the order allegedly violated and, for each date of alleged contempt, the amount
due and the amount paid, if any.@  Id. ' 157.002(b)(2).  The purpose of this section is to provide a
respondent with proper notice of the allegations of contempt for which he must
prepare a defense at the hearing on the motion. 
Ex parte Conoly, 732 S.W.2d 695, 698 (Tex. App.CDallas
1987, orig. proceeding).  The use of past
tense in prescribing the contents of an enforcement motion in which a contempt
order is soughtCfor example, Aamount
owed,@ Aamount
paid,@ and
Aportion
of the order allegedly violated@Cindicates
that the legislature intended such a motion to include only those violations
that have already occurred at the time the motion for contempt was filed.  See Tex. Fam. Code Ann. ' 157.002(b)(1)–(2)
(emphasis added).  A child support order
can be enforced by contempt only to the extent authorized by statute.  Conoly, 732 S.W.2d at 698B99
(citing Ex parte Almendarez, 621 S.W.2d 664, 667 (Tex. Civ. App.CFort
Worth 1981, orig. proceeding).  Thus, we
conclude that a trial court may enforce by contempt only those violations that
have occurred at the time that a motion, or an amended motion, for contempt is
filed.  Here, the DRO=s
motion recites none of the amounts Noble paid, nor is there evidence in the
record that the DRO filed an amended motion to meet the Aamount
paid@
requirement of section 157.002. 
Therefore, the trial court could not have held Noble in contempt either
for the accrued child support that he had paid by the time of the hearing nor
for any arrearages that accrued after Lawreta filed her motion.

Any
confusion regarding the meaning of subsection (d) of section 157.162 is
clarified by considering subsection (e), which was added to the statute in
2009.  See Act of May 28, 2009,
81st Leg., ch. 767, ' 15, 2009 Tex. Gen.
Laws 1938, 1944.[2]  Section 157.162(e) states as follows:

Notwithstanding
Subsection (d), the court may award the petitioner costs of court and
reasonable attorney=s fees in a
proceeding described by that subsection if the court finds that:

 

(1)     on the date the motion for enforcement was
filed, the respondent was not current in the payment of child support as
ordered by the trial court; and

 

(2)     the respondent made the child support
payments described by Subsection (d) after the date the respondent was served
notice of the motion or otherwise discovered that the motion for enforcement
had been filed.

 

Tex. Fam. Code Ann. ' 157.162(e).  The original version of SB 865, the bill
which ultimately resulted in subsection (e), called for subsection (d) to be
amended to allow a court to hold a nonmovant in contempt in just this
situation; that is, when the nonmovant failed to make the ordered child support
payments until after the date of filing of a motion for enforcement and
contempt but before the hearing on the motion.[3]  The bill analysis interpreted this proposed
amendment thusly:

Amends Section 157.162(d), Family Code, to
authorize the court to find a respondent in contempt of court for failure to
pay child support regardless of whether, rather than if, the respondent
appears at the hearing with a copy of the payment record or other evidence,
rather than evidence satisfactory to the court, showing that the respondent is
current in the payment of child support as ordered by the court.

 

Senate Comm. on
Jurisprudence, Bill Analysis, Tex. S.B. 865, 81st Leg., R.S. (2009) (emphasis
added) (introduced version).  A
subsequent analysis describes the proposed amendment as follows:

Amends Section 157.162(d), Family Code, to
authorize the court, if the court determines that a respondent has failed to
make one or more periodic child support payments as ordered by the court to
find the respondent in contempt of court regardless of whether the respondent
appears at the hearing with a copy of the payment record or other evidence
showing that the respondent, as of the time of the hearing, is current in the
payment of child support.  Deletes
existing text prohibiting the court from finding the respondent in contempt of
court for failure to pay child support if the respondent appears at the hearing
with a copy of the payment record or other evidence satisfactory to the court
showing the respondent is current in the payment of child support as ordered by
the court.

 

Senate Comm. on Jurisprudence,
Bill Analysis, Tex. S.B. 865, 81st Leg., R.S. (2009) (emphasis added) (senate
committee report version).

But
that version of the bill was not passed; subsection (e) was added instead.  See Act of May 28, 2009, 81st Leg.,
ch. 767, ' 15,
2009 Tex. Gen. Laws 1938, 1944; see also H.J. of Tex., 81st Leg., R.S.
4152 (2009) (detailing amendment striking references to subsection (d) and
adding subsection (e) instead).  The bill
analysis for the enrolled version of subsection (e) describes it as follows:

Amends Section 157.162(e), Family Code, to
authorize the court, notwithstanding Subsection (d) (relating to prohibiting
the court from finding a respondent in contempt of court for failure to pay
child support), to award the petitioner costs of court and reasonable
attorney=s fees in a
proceeding described by that subsection if the court finds that on the date the
motion for enforcement was filed, the respondent was not current in the payment
of child support as ordered by the court; and the respondent made the child
support payments described by Subsection (d) after the date the respondent was
served notice of the motion or otherwise discovered that the motion for
enforcement has been filed.

 

Senate Comm. on
Jurisprudence, Enrolled Bill Analysis, Tex. S.B. 865, 81st Leg., R.S. (2009)
(emphasis added) (enrolled version).

We
disagree with the dissent=s suggestion that we should
not consider this subsequent legislative history in interpreting subsection (d)
of the statute.  See Brown v. De La
Cruz, 156 S.W.3d 560, 564 (Tex. 2004) (considering subsequent amendments in
interpreting original version of statute); Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 223 (Tex. 2002) (considering
legislative history of subsequent amendments to determine legislature=s
intent to change statute=s meaning); see also Tex.
Water Comm=n v. Brushy Creek Mun. Util.
Dist.,
917 S.W.2d 19, 21 (Tex. 1996) (holding legislature=s
later interpretation of existing law highly persuasive).  Accordingly, even if it were not clear from
the plain language of subsection (d) that the trial court could not hold Noble
in contempt in this situation, the subsequent legislative enactments make clear
that subsection (d) should be so interpreted. 
In other words, a trial court is prohibited from holding a nonmovant in
contempt for failure to make specified child support payments if the motion to
enforce causes him or her to make the missed payments in full, albeit late.

Lawreta
contends that this interpretation of section 157.162(d) means that Aall
of the obligors in Texas could conceivably wait until they had been sued for
enforcement of their child support obligation before paying off their arrearage
and thus avoid punishment for their violations.@  She contends that Asuch
a result could not have been intended by the Legislature=s
enactment of Section 157.162(d).@  But that is precisely what the language of
section 157.162(d) and the subsequent enactment of subsection (e)
indicate.  The legislature has determined
that it is more important that past due child support be paidCeven
in the face of a motion to enforceCthan
for nonmovant parents to be punished by criminal contempt in such
situations.  See Tex. Gov=t
Code Ann. ' 311.021(5)
(Vernon 2005) (providing that in enacting a statute, it is presumed that public
interest is favored over any private interest). 
It is not our place to question the legislature=s
judgment on such policy determinations. 
Moreover, the legislature has not left payee parents without a remedy in
cases to which subsection (e) applies.

Accordingly,
we conclude and hold that the trial court abused its discretion by holding
Noble in criminal contempt for failing to make the March, April, and June 2008
payments when he was current in those payments at the February 2009 hearing on
the motion to enforce.  See Tex.
Fam. Code Ann. ' 157.162(d).

D.  No Waiver By Agreeing to Reconsideration
Order

Both
Lawreta and the Attorney General contend that Noble waived his complaint about
the contempt order because the trial court=s
order on reconsideration was an agreed order by virtue of a recital stating
that Athe
parties announced to the court that an agreement had been reached@ and
that A[a]ll
parties and attorneys . . . request the Court to accept and approve the
agreement entered into by the parties.@  Noble and his counsel both signed the order
under the heading, AAPPROVED AS TO FORM.@

Waiver
is defined as an intentional relinquishment of a known right or conduct
inconsistent with claiming that right.  Jernigan
v. Langley, 111 S.W.3d 153, 156 (Tex. 2003); Horsley-Layman v. Adventist
Health Sys./Sunbelt, Inc., 221 S.W.3d 802, 808 (Tex. App.CFort
Worth 2007, pet. denied).  A valid
consent judgment waives any error, except for jurisdictional error, contained
in the judgment and precludes appellate review of that judgment.  In re A.M.S., 277 S.W.3d 92, 99 (Tex.
App.CTexarkana
2009, no pet.); Baw v. Baw, 949 S.W.2d 764, 766 (Tex. App.CDallas
1997, no writ).  Each party must
explicitly and unmistakably give its consent for a consent judgment to be
valid.  Chang v. Nguyen, 81 S.W.3d
314, 318 (Tex. App.CHouston [14th Dist.] 2001,
no pet.); Baw, 949 S.W.2d at 766. 
For instance, the body of the judgment must suggest that the case had
been settled or that the judgment was rendered by consent.  Chang, 81 S.W.3d at 818; Oryx
Energy Co. v. Union Nat=l
Bank,
895 S.W.2d 409, 417 (Tex. App.CSan
Antonio 1995, writ denied); First Am. Title Ins. Co. v. Adams, 829
S.W.2d 356, 364 (Tex. App.CCorpus
Christi 1992, writ denied).  Here, the
parties and their attorneys agreed to the form of the order, which recites that
the parties reached an agreement and requested that the trial court approve it.

But
the order does not indicate that Noble intentionally waived his objection to
being held in contempt in the first place; it merely shows that the parties
agreed on a way for him to serve the already-imposed sentence so that he would
be able to maintain employment.  An
agreed judgment should be construed in the same manner as a contract.  Gulf Ins. Co. v. Burns Motors, Inc.,
22 S.W.3d 417, 422 (Tex. 2000); Smith v. Huston, 251 S.W.3d 808, 825
(Tex. App.CFort
Worth 2008, pet. denied).  Our primary
goal in construing a written contract is to ascertain and give effect to the
intent of the parties as expressed in the instrument.  Balandran v. Safeco Ins. Co., 972
S.W.2d 738, 741 (Tex. 1998);  Nat=l
Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex.
1995); Ferguson v. Ferguson, 111 S.W.3d 589, 594 (Tex. App.CFort
Worth 2003, pet. denied).  Thus, in
determining the parties= agreement, we are to
examine all parts of the judgment and the surrounding circumstances.  Ferguson, 111 S.W.3d at 594.

Here,
Noble raised his argument regarding section 157.162(d) at the first hearing on
the motion to enforce.  After the trial
court rejected this argument and rendered the first contempt order, Noble filed
a motion for reconsideration, specifically contending that he would not be able
to support his children if confined in jail for 180 days and asking for the trial
court to either modify the sentence to time served or to reduce the sentence
and allow it to be served at times that would facilitate his continued
employment for the support of his children. 
Nothing in the trial court=s
order on reconsideration indicates that Noble waived his objection to being
held in contempt in this situation; instead, it shows that the parties agreed
that if Noble were to have to serve a sentence for criminal contempt, all
involved would be best served if he were incarcerated only on the second and
fourth weekends of each month.  See
Ferguson, 111 S.W.3d at 595B96.  Therefore, we conclude and hold that Noble
did not waive his objection to the contempt order under section 157.162(d).

                                                  V.  Conclusion

Having
determined that Noble is entitled to relief from the trial court=s
February 12, 2009 contempt order, we conditionally grant the petitions for writ
of mandamus and habeas corpus.[4]  See Tex. R. App. P. 52.8(c).  We are confident that the trial court will
vacate the parts of its February 12, 2009 order (1) holding Noble in criminal
contempt for failing to make the March, April, and June 2008 child support
payments and (2) sentencing him to 174 days=
confinement on the second and fourth weekends of each month, in accordance with
this opinion.  We instruct our clerk to
issue the writs only if the trial court fails to do so.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

LIVINGSTON,
C.J., filed a dissenting opinion

 

DELIVERED:  March 9, 2011


 
 
 
 
 
 
 
 
 
  

 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
  
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

                                              NO.  02-09-00464-CV

 

 


 
 
 IN RE NOBLE
 EZUKANMA
 
 
  
 
 
 RELATOR
 
 


                                                                                                                             

------------

 

ORIGINAL PROCEEDING

 

------------

 

DISSENTING OPINION ON
REHEARING

 

------------

I
respectfully dissent to the majority=s
opinion and judgment.  I believe the
majority has incorrectly interpreted Texas Family Code section 157.162(d).  Tex. Fam. Code Ann. '
157.162(d) (Vernon Supp. 2010). 
Subsection (d) of section 157.162 provides,

The court may not
find a respondent in contempt of court for failure to pay child support if the
respondent appears at the hearing with a copy of the payment record or other
evidence satisfactory to the court showing that the respondent is current in
the payment of child support as ordered by the court.

 

 








Id.  That subsection is
applicable to any matter relating to a contempt motion filed on or after the
effective date of the 2007 version of section 157.162, which was June 15,
2007.  Act of May 23, 2007, 80th Leg.,
R.S., ch. 1189, ' 1, 2007 Tex. Gen. Laws
4054, 4054.  The 2009 version of
subsection (d) reads identically to the prior version.  There is no change to subsection (d) in the
2009 version of section 157.162; however, the legislature did add a new
subsection, subsection (e), in the 2009 version.  Act of May 28, 2009, 81st Leg., R.S., ch.
767, ' 15,
2009 Tex. Gen. Laws 1938, 1944.  The
majority uses the new 2009 subsection (e) to assist in its interpretation of
subsection (d); this it should not do.

According
to the legislative history, subsection (e) was added and effective June 19,
2009 and applies Aonly to a motion for
enforcement that is filed on or after the effective date of [the] Act.  A motion for enforcement filed before the
effective date of [the] Act is governed by the law in effect immediately before
that date, and the former law is continued in effect for that purpose.@  Tex. Fam. Code Ann. '
157.162(e) historical note (Vernon Supp. 2010) [Act of May 28, 2009, 81st Leg.,
R.S., ch 767, § 44, 2009 Tex. Gen. Laws 1938, 1949].  Furthermore, subsection (e), which clarifies
that petitioners may still recover costs even if the contemnor cures the
allegations of contempt, allows the movant to recover costs of court and
reasonable attorney fees.  Id. '
157.162(e).  Subsection (e), in my
opinion, has virtually nothing to do with subsection (d), which is really the
subsection at issue in this case.

Thus,
since both versions of subsection (d) are the same, the result should be no
different.  The addition of subsection
(e) later should not affect subsection (d).  Therefore, I respectfully disagree with the
majority opinion because of its interpretation of the phrase Ashowing
that the respondent is current in the payment of child support as ordered by
the court.”  Id. § 157.162(d); see Maj. Op. at 8–10.

AA
violation of a court=s order is an issue of
contempt.@  In re Acceptance Ins. Co., 33 S.W.3d
443, 449 (Tex. App.CFort Worth 2000, orig.
proceeding) (citing Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979)
(orig. proceeding)).  The purpose of
criminal contempt is to punish for a contempt violation of a court order.  Ex parte Chambers, 898 S.W.2d 257, 259
(Tex. 1995) (orig. proceeding).  Only if
the order is void is the applicant entitled to relief.  In re Coppock, 277 S.W.3d 417, 418
(Tex. 2009) (orig. proceeding).  We are
to presume the order is valid.  In re
Luebe, No. 01-09-00908-CV, 2010 WL 1546961, at *2 (Tex. App.CHouston
[1st Dist.] Apr. 2, 2010, orig. proceeding). 
Moreover, the Apurpose of punitive-contempt
confinement is to punish for disobedience for some completed act, which
affronted the dignity of the court.@  Id. at *2.  In interpreting a statute, we are to preserve
its validity and consider the object to be attained as well as the common law
and consequences of a particular construction. 
Tex. Gov=t Code Ann. ''
311.021, .023 (Vernon 2005).  Thus,
interpreting this provision to absolve the contemnor of responsibility for
contempt just by curing a past due child support payment on or before the
hearing date is nonsensical.  See Maj.
Op. at 14–15.  Thus, I
believe the only reasonable interpretation is that the contemnor must be
current in all child support payments at the time of the hearing on the
motion for enforcement, or he foregoes this statutorily-created Afree
pass@ to
avoid criminal contempt for the past-due violations alleged in the motion to
enforce.  Otherwise, any and all
contemnors would simply be able to cure the past allegations of contempt and
always avoid the punishment of contempt. 
This is not punishing the contemnor for further future unnoticed
allegations of contempt; it simply means the contemnor is no longer qualified
for the section 157.162(d) method of purging his past criminal contempt.  In this case, the majority=s
interpretation precludes the trial court from enforcing its own orders for
payment of child support at a time when the contemnor was in arrearages of
nearly $30,000.00.

For
these reasons, I respectfully dissent from the majority decision and would deny
the relator=s
requested relief.

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

DELIVERED:  March 9, 2011

 

 











[1]Noble appealed that
denial, and this court affirmed.  See
In re E.A.E., 02-09-00162-CV, 2010 WL 3618707, at *1 (Tex. App.CFort Worth Sept. 16,
2010, pet. denied).





[2]Because
the legislature made the application of subsection (e) prospective as of the
Act=s
effective date of June 19, 2009, the remedies it provides are not available to
Lawreta in this case.  See Act of
May 28, 2009, 81st Leg., ch. 767, ' 44,
2009 Tex. Gen. Laws 1938, 1949.





[3]Section
12 of the bill as introduced read as follows:

 

Section 157.162(d),
Family Code, is amended to read as follows:

 

(d)  The court may [not] find a respondent
in contempt of court for failure to pay child support regardless of whether [if]
the respondent appears at the hearing with a copy of the payment record or
other evidence [satisfactory to the court] showing that the respondent
is current in the payment of child support as ordered by the court.

 

Tex. S.B. 865, 81st
Leg., R.S. (2009) (introduced version).





[4]Our analysis and
conclusion that the trial court abused its discretion by holding Noble in
criminal contempt applies equally to the abuse of discretion standard applied
in reviewing writs of habeas corpus.  See
Ex parte Meltzer, 180 S.W.3d 252, 255B56 (Tex. App.CFort Worth 2005,
orig. proceeding).