**Affirmed and Memorandum Opinion filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00275-CV

---

## NASRIN F. KHAN, Appellant

### V.

## ASSET ACCEPTANCE, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 992245**

---

## MEMORANDUM OPINION

This is an appeal from an agreed judgment granted in favor of Asset Acceptance, LLC. Nasrin F. Khan,[1] appearing pro se, raises a single issue with several subparts. We affirm the trial court's judgment.

---

[1] Khan's first name is sometimes spelled as "Narsin." We follow the spelling used in the notice of appeal.

## BACKGROUND

Asset Acceptance sued Khan to collect on an unpaid credit card account. Khan filed an answer pro se, generally denying the allegations against him. When the parties appeared for trial, Asset Acceptance advised the court that Khan had not responded to any of its discovery requests. Asset Acceptance asserted that it had a business records affidavit on file and that it was ready to proceed to trial.

The trial court questioned Khan about his failure to respond to discovery, but Khan's answers were mostly evasive. The court encouraged the parties to negotiate their "discovery hangup." The court also advised Khan that he was vulnerable to judgment because admissions could be deemed against him.

When the parties returned from their negotiations, they announced that they had reached a settlement. The trial court entered an agreed final judgment accordingly, awarding Asset Acceptance $15,990.33, plus interest.

## ANALYSIS

Khan filed this appeal, raising several legal complaints under the umbrella of a single issue. He first contends that Asset Acceptance lacked standing to file suit. Khan bases this argument on the fact that he signed his credit card agreement with Wells Fargo Bank, not Asset Acceptance.

Standing is a necessary component of subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Standing cannot be waived and may be challenged for the first time on appeal. *Id.* at 445–46. Whether a party has standing to pursue a claim is a question of law reviewed de novo. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

2

Standing is a party's justiciable interest in a controversy. *See Nootsie, Ltd. V. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996). Only the party whose primary legal right has been breached may seek redress for an injury. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.). We look to the pleadings to determine whether a plaintiff has standing, construing the petition in favor of the plaintiff. *See Tex. Air Control Bd.*, 852 S.W.2d at 446. If necessary, we also review the entire record to determine if any evidence supports standing. *Id.*

The pleadings in this case are short and basic. Asset Acceptance alleged that Khan opened a line of credit with Wells Fargo Bank. Asset Acceptance then alleged that it purchased the account. The record includes a bill of sale from Wells Fargo to Asset Acceptance, proving the alleged purchase. Khan does not dispute any of these facts, nor has he produced any evidence to the contrary. We conclude that Asset Acceptance has standing to pursue its claims as owner of Khan's account. *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 275, 128 S. Ct. 2531, 2536 (2008) ("Assignees of a claim, including assignees for collection, have long been permitted to bring suit."); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.—El Paso 2009, no pet.) (debt collector has standing to sue the cardholder).

Khan argues next that the trial court abused its discretion by failing to consider his general denial and by not holding Asset Acceptance to its burden of proving up its own case. Khan also argues that the trial court erred by not dismissing the case for want of prosecution when Asset Acceptance failed to respond to Khan's discovery requests. Khan does not cite to any authority for these arguments. Asset Acceptance responds that Khan has forfeited his complaints because of briefing waiver, *see* Tex. R. App. P. 38.1(i), or alternatively, because all

errors were waived when the parties entered into an agreed settlement. We address only the second point.

Generally, a party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *See Chang v. Linh Nguyen*, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Any errors that might have been committed by the trial court prior to the entry of a consent judgment are waived, except for jurisdictional error. *See Tait v. Matthews*, 33 Tex. 112, 112 (1870); *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ). To have a valid consent judgment, each party must explicitly and unmistakably give its consent. *See Baw*, 949 S.W.2d at 766. The phrase "approved as to form and substance," standing alone, does not transform a judgment into a consent judgment. *See Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, no writ). Rather, in order for a judgment to be a consent judgment, the body of the judgment must suggest that the case has been settled or that the judgment was rendered by consent. *See Chang*, 81 S.W.3d at 316 n.1.

The agreed judgment in this case contains the following language:

> Both sides have announced to the Court that they have agreed to settle the matters involved in this suit, and that [Khan] ha[s] agreed to judgment for [Asset Acceptance] for the sums set forth in this judgment.
>
> The court, upon request of the parties, finds that it has jurisdiction over the parties and subject matter of this suit; that there is a bona fide dispute between the parties; that the settlement of the dispute reflected herein is fair, reasonable, and just; and that it would be in the best interests of the parties if the Court approved the settlement and rendered judgment accordingly.

4

Both parties signed the agreed judgment, and they each approved it as to both form and substance. Because the judgment expressly states that the parties have settled their dispute, we conclude that the judgment is a consent judgment.

Khan has not argued on appeal that he withdrew his consent. Nor does he argue that the judgment was obtained by fraud, collusion, or misrepresentation. By consenting to entry of the judgment, Khan waived any non-jurisdictional errors. *See Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.). Therefore, we need not address his remaining complaints.

## CONCLUSION

We overrule Khan's sole issue and affirm the judgment of the trial court.


/s/      Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Brown.