**Affirmed, and Majority Opinion and Concurring and Dissenting Opinion filed May 9, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00814-CV

---

### NATOSHA ABRAHAM, Appellant

### V.

### VICTORY APARTMENTS, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1091349**

---

## M A J O R I T Y   O P I N I O N

In two issues, appellant Natosha Abraham challenges the trial court's final judgment in appellee Victory Apartments' forcible detainer action. For the reasons below, we affirm.

### BACKGROUND

Abraham leased an apartment at the Houston Housing Authority's Victory Apartments development. Victory Apartments is a federally-subsidized housing

development and the amount of Abraham's rent was derived from an income-based formula. Victory Apartments terminated Abraham's lease in February 2017 on the basis of nonpayment of rent.

Abraham failed to vacate the apartment and Victory Apartments filed a forcible detainer action. The justice court signed a judgment for Victory Apartments and Abraham appealed the judgment to the county court. The parties proceeded to a *de novo* trial. *See* Tex. R. Civ. P. 510.10(c).

The county court admitted the following exhibits at the parties' bench trial: (1) a residential lease agreement between the Houston Housing Authority and Abraham; (2) a "Notice of Termination of Dwelling Lease for Nonpayment of Rent" addressed to Abraham; (3) a "Final Notice to Vacate" addressed to Abraham; and (4) a spreadsheet showing Abraham's employment, income, rent, and payment for each month from January 2012-April 2017. Victory Apartments argued that Abraham failed to make the payments required by the residential lease, necessitating its termination.

Abraham represented herself at trial and asserted that Victory Apartments erred in its application of the earned income disallowance benefit ("EID") to her account. *See* 24 C.F.R. § 960.255 (West 2018). Extended to residents of federally-subsidized housing, the EID benefit allows tenants who have been out of work to accept a job without having their rent increased in proportion to their income. *See id*.

After arguments and the presentation of evidence, the trial court walked the parties through each monthly entry on the spreadsheet showing Abraham's payment and employment history. On the record, the trial court retroactively applied the EID benefit, went through the necessary calculations, and concluded that Abraham owed $1,326 in unpaid rent. Abraham acknowledged that she owed

2

this amount. The trial court instructed Abraham, "I want to make sure you fully understand and agree," to which Abraham responded:

> I understand. I understand. The only thing I have an issue with is that instead of them — this all could have been avoided when I brought this issue in July and told y'all what was going on. No one addressed it.
>
>      *       *       *
>
> That's what makes me upset, that I had to go this far just for a mistake to be corrected and no one took accountability.

The trial court asked Abraham to provide a timetable for repayment of the $1,326. Abraham stated that the repayment would require "[a] couple of months, maybe less."

The trial court signed an agreed settlement order that states, in relevant part, as follows.

> 1.  [Abraham] shall pay late rent to [Victory Apartments] in the sum of $1,326 by making six monthly payments of $221, with payments beginning in May 2017, and continuing for six consecutive months thereafter.
>
> 2.  [Abraham's] payment of late rent, as set forth in paragraph 1 above, shall be in addition to her payment of her monthly rent amount, which monthly rent amount is currently $688 per month. [Abraham] remains responsible for timely paying her monthly rent.
>
>      *       *       *
>
> 5.  If [Abraham] fails to comply with the terms set forth herein . . . then [Victory Apartments] shall be entitled to judgment awarding it sole possession of the premises . . . and awarding to it any unpaid rent that is due and owing.

Victory Apartments filed a motion for entry of judgment several months later, asserting that Abraham had failed to comply with the terms of the agreed settlement order.

The trial court held a hearing on the motion; Abraham and Victory Apartments' property manager testified regarding Abraham's payment history and compliance with the agreed settlement order. The trial court again undertook the relevant calculations and determined that Abraham owed Victory Apartments $3,430 in unpaid rent. The trial court asked Abraham when she could pay the amount owed; Abraham stated that she could provide the payment in two days.

The trial court signed a final judgment on October 4, 2017, stating that Victory Apartments would nonsuit its claim if Abraham paid $3,430 by October 6, 2017. If Abraham failed to pay this amount, the final judgment states that Victory Apartments is entitled to possession of Abraham's apartment and a $3,430 judgment for unpaid rent.

Abraham did not comply with the terms of the final judgment. The Harris County Clerk issued a writ of possession for the apartment Abraham was leasing and a constable executed the writ on October 24, 2017. The returned writ of possession was filed in the trial court.

## ANALYSIS

Abraham proceeds *pro se* on appeal. In two issues, Abraham challenges (1) the trial court's application of the EID benefit; and (2) the agreed settlement order's repayment schedule. We examine these arguments below.

As a preliminary matter, we address our jurisdiction with respect to Abraham's appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) ("we must consider our jurisdiction, even if that consideration is *sua sponte*").

The only issue in a forcible detainer action is the right to possession of the premises. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787

4

(Tex. 2006). If a defendant in a forcible detainer action is no longer in possession of the premises at issue, an appeal from the forcible detainer judgment is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *Id*. A defendant is no longer in possession of the premises at issue after a writ of possession is executed. *See Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 811 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

We previously have held that an appellant presents an arguable basis for current, actual possession where the appellant's lease contained an automatic-renewal provision and the appellant challenged the bases for the lease's underlying termination. *See Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 581-83 (Tex. App.—Houston [14th Dist.] 2014, no pet.), and *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Here, even though the record contains a returned writ of execution for the premises at issue, we conclude Abraham's appeal is not moot. Abraham's lease with Victory Apartments contained an automatic renewal clause and states that, unless it was terminated, the lease "shall be automatically renewed for the successive terms of one year." Like the defendants in *Geters* and *Kennedy*, Abraham challenges the reason underlying the lease's termination — the alleged nonpayment of rent — and asserts Victory Apartments erred in its application of the EID benefit. *See Geters*, 430 S.W.3d at 581-83; *Kennedy*, 203 S.W.3d at 497; *see also Briones*, 438 S.W.3d at 813 (where the appellant "present[s] a contention that the lease was not properly terminated in the first place," the appellant "assert[s] a right to current possession of the premises"). Abraham therefore presents an arguable basis for asserting a right to possession.

5

**I.     Abraham's EID Challenge is Waived and Not Supported by the Applicable Regulation.**

As part of its calculations during the bench trial, the trial court retroactively applied the EID benefit to Abraham's monthly payment history beginning in October 2012. Challenging the trial court's application of the regulation, Abraham argues that "the EID clock shouldn't start before [Abraham's] last reexamination in February 2016."

**A.     Waiver**

As a preliminary matter, Victory Apartments asserts Abraham waived her challenge to the trial court's EID benefit calculation.

After Abraham failed to comply with the agreed settlement order's terms regarding the $1,326 repayment, Victory Apartments filed a motion for entry of judgment. The trial court held a hearing on the motion, at which Abraham acknowledged she failed to comply with the agreed settlement order's repayment provisions. The trial court determined Abraham owed Victory Apartments $3,430 and asked Abraham if she could make the payment; Abraham responded, "Yes, sir, I can." The trial court signed a final judgment stating that Victory Apartments would nonsuit its claim if Abraham paid $3,430 by October 6, 2017. If Abraham failed to pay the $3,430, the final judgment states that Victory Apartments is entitled to possession of Abraham's apartment and a $3,430 judgment.

A party generally cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Chang v. Linh Nguyen*, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, no pet.). To have a valid consent judgment, each party must explicitly and unmistakably give its consent. *Id*. This consent waives any non-jurisdictional errors that may have been committed by the trial court prior to the entry of the

consent judgment. *Khan v. Asset Acceptance, LLC*, No. 14-13-00275-CV, 2014 WL 1410222, at *2 (Tex. App.—Houston [14th Dist.] Apr. 10, 2014, no pet.) (mem. op.).

At the hearing on Victory Apartments' motion for entry of judgment, Abraham (1) acknowledged she did not comply with the agreed settlement order's repayment provisions, and (2) agreed she could make the $3,430 payment required by the trial court's final judgment. Abraham does not assert that her consent to the final judgment was obtained through fraud, collusion, or misrepresentation — Abraham challenges only the trial court's interpretation and application of federal law. Abraham's consent to the trial court's final judgment waives these issues for appeal. *See Chang*, 81 S.W.3d at 316 n.1; *see also Khan*, 2014 WL 1410222, at *2.

## B.    24 C.F.R. § 960.255(b)

Setting aside the issue of waiver, the trial court's application of the EID benefit is not erroneous as a matter of law.

We review a trial court's conclusions of law *de novo* and uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchland*, 83 S.W.3d 789, 794 (Tex. 2002); *Penn Ins. & Annuity Co. v. Kuriger*, 495 S.W.3d 540, 545-46 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Conclusions of law will not be reversed unless they are erroneous as a matter of law. *Charette v. Fitzgerald*, 213 S.W.3d 505, 511 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

The EID benefit allows eligible tenants in federally-subsidized housing to increase their incomes through employment without triggering a corresponding increase in rent. *See* 24 C.F.R. § 960.255(b). Tenants who live in public housing

are eligible for the EID benefit if they have been unemployed for the 12 months prior to employment. *Id*. at (a). EID has a lifetime benefit limit of 24 months and, for the first 12 months of employment, 100% of any increase in earned income will be disregarded for purposes of calculating rent. *Id*. at (b)(1). For the second 12-month period, the EID benefit disregards 50% of any earned income increase. *Id*. at (b)(2). The EID benefit begins "on the date on which a member of a qualified family is first employed or the family first experiences an increase in annual income attributable to employment." *Id*. at (b)(1).

Here, the spreadsheet admitted into evidence shows that Abraham was employed and received income during the following periods: October 2012-January 2013; May-October 2013; and August 2015-September 2016. Abraham acknowledged that she was employed for these periods of time.

The spreadsheet also shows that Victory Apartments applied Abraham's EID benefit during these periods for a total of 24 months. Likewise, in its on-the-record calculations, the trial court applied Abraham's EID benefit for a 24-month period beginning in October 2012. Challenging the trial court's application of the EID regulation, Abraham asserts that the benefit does not automatically commence when a tenant's income increases — rather, the EID benefit takes effect only when a tenant's rent is calculated at an "interim or annual reexamination." Arguing that her rent was last reexamined in February 2016, Abraham contends that she was "not eligible for EID from 2012-2016."

Abraham's interpretation of the EID benefit is not supported by the applicable regulation. Section 960.255(b)(1) states that the EID benefit begins "on the date on which a member of a qualified family is first employed or the family first experiences an increase in annual income attributable to employment." *Id*. at (b)(1). The regulation does not make the EID benefit's start-date dependent on the

8

completion of an "interim or annual reexamination" of rent. *See id.* at (a), (b). Additionally, this Court could find no case supporting Abraham's interpretation from this jurisdiction or elsewhere. The trial court's conclusion regarding the EID benefit's start-date is not erroneous as a matter of law. *See Charette*, 213 S.W.3d at 511.

We overrule Abraham's first issue.

**II.     The Record Does Not Support Abraham's Challenge to the Repayment Schedule.**

Abraham asserts that the repayment schedule incorporated into the trial court's agreed settlement order "was unlawful due to the repayment amount exceeding the allowable standard set forth by HUD." Abraham argues that the repayment amount impermissibly exceeds 40% of her income.

The record does not contain any evidence supporting Abraham's argument. The trial court's agreed settlement order's repayment schedule begins in May 2017; there is no evidence in the record showing Abraham's income at this time or at a later date. Abraham's argument is inadequately briefed and we therefore do not consider it. *See* Tex. R. App. P. 38.1(i) (appellate argument must be supported by "appropriate citations to authorities and to the record"); *see, e.g., Bruce v. Cauthen*, 515 S.W.3d 495, 512 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

We overrule Abraham's second issue.

### CONCLUSION

We affirm the trial court's October 4, 2017 final judgment.

9

/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Frost, C.J., concurring and dissenting).