**Ex parte David ALVARADO, Relator.**

No. 6581.

Court of Civil Appeals of Texas, El Paso.

Oct. 13, 1976.

1. See Art. 44.34, V.A.C.C.P.

Mario J. Martinez, El Paso, for relator.

Salvador David Reyes, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an original habeas corpus proceeding under Article 1824a, Tex.Rev.Civ.Stat. Ann., to secure the release of the Relator, David Alvarado, who has been adjudged in contempt of the Court of Domestic Relations of El Paso County, Texas, for failure to make child support payments. The writ is granted and Relator is ordered discharged.

On the record before us it appears that the parties were divorced on December 18, 1975, in Cause No. 75–2931 in the 171st Judicial District Court of El Paso County, Texas. Relator was ordered to pay $100.00 per month as child support payments. The Relator having made only the payment due in January, 1976, his ex-wife filed a motion asking to have him held in contempt of Court. On July 21, 1976, an order was entered in Cause No. 75–2931 in the 171st Judicial District Court ordering that "DAVID ALVARADO appear in and before the CDR Court in El Paso County, Texas on the 17 day of Aug, 1976, at 12:30 o'clcok P. M., to SHOW CAUSE, why he should not be punished for his conduct in so failing to comply with the orders of this Court, * * *." Such order was signed by Judge Pena. On the date of the order the Honorable Edwin F. Berliner was Judge of the 171st District Court and Judge Pena was Judge of the Court of Domestic Relations for El Paso County. Although Section 9, Article 2338–21, Tex.Rev.Civ.Stat.Ann., provides that the Judge of the Court of Domestic Relations may sit and hear and determine any case, matter or proceeding pending in any District Court of El Paso County, of which case, matter or proceeding the Court of Domestic Relations would have potential jurisdiction, the order of July 21, 1976, does not reflect that Judge Pena was Judge Presiding, but in fact reflects that he was the Judge of the 171st Judicial District Court.

On August 5, 1976, Judge Berliner in Cause No. 75–2931 in the 171st Judicial District Court entered an order for substituted service under Rule 106, Tex.R.Civ.P., which provided for delivery of a copy of the citation, together with a copy of the petition attached, to anyone over sixteen years of age at the usual place of abode of David Alvarado. Such order was entered pursu-

ant to a motion filed by the ex-wife's attorney and evidence presented in support of such motion. The officer's return on the citation reflects that it was executed on the 6th day of August, 1976, "by delivering to David Alvarado by delivering to Juan M. Alvarado by substitute service, each in person a true copy of this notice at 7247 Barker, in the County of El Paso, State of Texas."

Counsel for Relator filed in Cause No. 75–2931 in the 171st Judicial District Court on August 17, 1976, a motion to quash service. The motion was overruled and on that date an order was entered in Cause No. 75–2931 in the Court of Domestic Relations of El Paso County, Texas, which recites:

"The Court does find that the Respondent is in wilful contempt of its Order/Judgment dated the 18 day of Dec, 1975, in that he failed to make payment(s) on the following date(s):

| February 1, 1976 | $100.00 |
| March 1, 1976 | $100.00 |
| | Total $200.00 |

"Respondent is ORDERED to be confined in the El Paso County Jail 60 days."

Such order is signed by Judge Pena.

■ A habeas corpus proceeding is a collateral attack upon the order of commitment and the Relator is entitled to be discharged only if " * * * it affirmatively appears that the judgment ordering his confinement is void, thus depriving the court of jurisdiction and as a result thereof, he is restrained of his liberty without due process of law." Greenhill and Beirne, Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's L.J. 1, 10 (1969). See also *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1961); *Ex parte La Rocca,* 154 Tex. 618, 282 S.W.2d 700 (1955); *Ex parte Tyler,* 152 Tex. 602, 261 S.W.2d 833 (1953).

■ We conclude that the contempt order in this case is void. In the first place, the order providing for the show cause hearing was issued in a cause pending in the 171st Judicial District Court, but was signed neither by the Judge of that Court nor one purporting to preside as Judge in that Court. The contempt order issued in the Court of Domestic Relations of El Paso County, Texas, recites that the Respondent is in wilful contempt of "its Order or Judgment" dated December 18, 1975, when in fact the order providing for child support payments was not issued in the Court of Domestic Relations of El Paso County, Texas, but was in fact issued by the 171st Judicial District Court of El Paso County, Texas.

It has long been held that one Court may not punish a party for contempt in violating the order of another Court. In *Ex parte Gonzalez,* 111 Tex. 399, 238 S.W. 635 (1922), the Supreme Court discharged the Relator in a habeas corpus proceeding where the 41st Judicial District Court of El Paso County held Mr. Gonzalez in contempt for violating an injunction issued by the 65th Judicial District Court of El Paso County. In reaching such results, the Court said:

"The Sixty-Fifth and Forty-First district courts of El Paso county are separate and distinct courts. The jurisdiction of each is plenary and exclusive as to cases filed therein, until a transfer is made in accordance with the statute. Neither court is the agency of the other for the purpose of inflicting punishment, or for any other purpose. The power to punish for contempt, whether expressly conferred by some positive enactment or regarded as incident to jurisdiction conferred upon the court, exists for the purpose of enabling it to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and process. 6 Ruling Case Law, page 520. Hence one court in no case is authorized to punish contempts of another court. This rule is elementary. * * * "

An almost identical fact situation existed in *Carlson v. Johnson,* 327 S.W.2d 704 (Tex. Civ.App.—Houston 1959, no writ), where a Court of Domestic Relations in Harris County held the Relator in contempt for violation of a divorce decree entered in the 80th District Court.

Both of those cases were based upon the provisions of Article 1911, Tex. Rev.Civ.Stat.Ann., which was repealed in 1971 when Article 1911a, Tex.Rev.Civ.Stat. Ann., was enacted. Section 1 of the present Article provides that a Court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders and provides the power to punish for contempt. The provisions in that statute are with regard to each Court's own jurisdiction and own lawful orders. We find nothing in the amended statute which gives one Court power to punish for the contempt of another Court's order and believe that the holdings in the Gonzalez case and the Carlson case are still controlling under the statute as enacted in 1971. Thus, even if the order providing for the show cause hearing was valid, the contempt order was void because the Court of Domestic Relations had no power to punish for the violation of an order or judgment entered by the 171st Judicial District Court. Of course, Judge Pena, as Judge Presiding in the 171st Judicial District Court, would have power to punish for contempt for a violation of a prior order of that Court.

We conclude that the contempt order is void and Relator is ordered discharged. It is unnecessary for us to pass upon the question as to whether or not the citation is defective and the hearing based upon that notice void because the return fails to reflect compliance with the Court's order requiring service on a person over sixteen years of age at the Relator's usual place of abode.

David Alvarado, having appeared to question the service of process by his motion to quash, is now before the 171st Judicial District Court for a determination of the motion for contempt. 2 McDonald, Texas Civil Practice 9.05.1 (1970).