**Ex parte Necho ALMENDAREZ, Relator.**

**No. 18620.**

Court of Civil Appeals of Texas, Fort Worth.

Aug. 6, 1981.

Rehearing Denied Sept. 17, 1981 (on rehearing).

Mark L. Greer, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Larry F. Brown, Asst. Dist. Atty., Fort Worth, for appellee.

Before MASSEY, C. J., and HUGHES and SPURLOCK, JJ.

## OPINION

HUGHES, Justice.

Necho Almendarez, the relator in this original habeas corpus proceeding, seeks review of the adjudication of contempt rendered against him. We granted the relator's writ pending final determination. He posted bond and was released from custody.

February 2, 1979 the relator and his wife, Charlotte Almendarez, were divorced. The relator was ordered to make monthly payments of $150.00 for support of the children of the marriage beginning on February 1, 1979.

September 22, 1980 the district attorney's office of Tarrant County filed a motion for contempt show cause hearing charging that through September 1, 1980 relator was in arrears in the amount of $3,000.00. An order of contempt show cause hearing was issued and served upon him.

November 3, 1980 the hearing was held. Upon the master's recommendation the district court held the relator guilty of two counts of contempt. The first was for arrearages and the second was for his failure to pay through the Child Support Office. He was ordered to be committed to two consecutive 180 day jail terms from which he could obtain release by payment of arrearages in the amount of $3,300.00.

November 25, 1980 the relator was released from jail pursuant to an order based upon his promise to pay $250.00 by November 4, 1980, and the regular $150.00 per month child support payments plus $100.00 per month on an arrearage of $3,050.00.

January 20, 1981 the district attorney's office filed a second motion for contempt show cause hearing. The November 25, 1980 release order was cited as having been violated. The relator was notified of a hearing which was set for March 30, 1981 but failed to appear. (The relator was ordered to be committed for 180 days. This order, however, is not before us.)

The record then reflects a contempt judgment dated June 9, 1981 ordering that the relator be committed to 180 days in jail pursuant to a show cause hearing held on that date. The order states that he was in arrears $3,865.00 through June 1, 1981. There is no motion for a contempt show cause hearing nor citation as to the June 9 hearing found in the record, although the order recites that the relator was cited to appear.

In relation to the June 9 hearing, two orders dated June 10, 1981 are found in the record. The first is an order granting the relator's "Notice of Appeal of Findings by Master and Request for Hearing by the Court". The second order dated June 10 temporarily released him from jail pending a hearing set for June 15, 1981. The relator evidently spent June 9 and 10 in jail.

June 15, 1981 a hearing was held. The district court rendered a contempt judgment. Relator was ordered confined for three consecutive 180 day terms or until such time as he satisfied an arrearage through June 1 of $3,835.00.

In particular, the district court found that the relator failed to pay as the district court had ordered on November 25, 1980 and therefore revoked the probation of the two 180 day sentences previously ordered.

Among its specific findings the district court found that the relator had failed to make the regular payment of $150.00 due on February 1, 1981 although he was employed and able to do so. Recited was that he was in contempt for failure to make the February 1 payment and it was ordered that he be committed to jail for 180 days for that act of contempt; with this sentence to be served after he had served the two 180 day sentences on which probation had been revoked. Confinement then begun was that as to which this court scheduled habeas corpus hearing.

■ In order for the relator to obtain discharge it must affirmatively appear that the judgment ordering his confinement is void. *Ex part Alvarado*, 543 S.W.2d 144 (Tex.Civ.App.—El Paso 1976, original proceeding).

The relator first contends that the June 15, 1981 contempt judgment which ordered his commitment is void for the reason that there was insufficient evidence to establish that he failed and refused to support his children in accordance with his ability.

■ Where a relator seeks habeas corpus relief on the ground that he is unable to purge himself of contempt by paying arrearages in child support, he has the burden of conclusively establishing that he has no source from which he might be expected to obtain funds to pay the arrearage. The relator must, by specific proof, establish that (1) he lacks sufficient personal or real property which could be sold or mortgaged to raise the needed sum; and (2) that he has unsuccessfully attempted to borrow the sum from financial institutions such as banks, credit unions, and loan companies; and (3) that he knows of no other source, including relatives, from whom the sum could be borrowed or otherwise secured. *Ex parte Lindsey*, 561 S.W.2d 572, 574 (Tex. Civ.App.—Dallas 1978, original proceeding).

The evidence introduced by the relator at the hearing on June 15 went primarily to his sources of income. Such evidence would have been more appropriate if a proceeding in regard to modification of future child support obligations were involved. However, we have before us the issue as to the relator's ability to pay delinquent child support.

■ The evidence showed that the relator was able to keep current his car payments of $148.41 per month at all pertinent times; also that he voluntarily incurred the obligation to maintain a second family by a new wife.

We hold that the relator failed to conclusively establish that he lacked resources, either presently owned or procurable, which would be sufficient to satisfy the arrearages on the ordered child support.

The relator further contends that the contempt judgment is void for the reason that the finding that he failed to make the payment due February 1, 1981, as ordered,

is not supported by the motion serving as premise for contempt show cause hearing.

■ Due process requires that a party receive full and complete notification of the charges against him in order that he be afforded a reasonable opportunity to adequately respond. *Ex parte Gordon*, 584 S.W.2d 686 (Tex.1979).

■ Conceding that the relator was not given notice as to his being charged with being in default of the February 1, payment, we nevertheless are not persuaded that the entire order is void.

A situation involving a failure to notify one charged to be in contempt of an arrearage as to a particular month, as that for which a relator was found to be in contempt was presented in *Ex parte Rine*, 603 S.W.2d 268 (Tex.Civ.App.—Waco 1980, original proceeding). There the court acknowledged existing authority to the effect that a whole judgment was tainted and void where it is found that a contemnor could not be held in contempt for one of several acts for which the judgment had fixed a single penalty applicable to all. The court went on, however, to distinguish facts on the ground that the record on the contempt order showed precisely the basis of the order and the punishment for the monthly payment violation of which the relator was not notified. Citing *Ex parte Williams*, 469 S.W.2d 449, 453 (Tex.Civ.App.—Beaumont 1971, original proceeding) the court held that the proper procedure would be to deduct the amount of the unspecified (not pleaded) delinquency from the total amount ordered paid by relator to purge himself of contempt.

Inasmuch as the district court's contempt judgment ordering the relator's commitment specifically assessed a term of 180 days for his February 1 default we hold that part of the judgment to be void and the amount of the February 1 delinquency ($150.00) is to be deducted from the amount the relator must pay in order to purge himself of contempt and obtain his release. This holding is without prejudice to the power of the court to later adjudicate the relator to be in contempt for failing to make the February 1 payment.

The relator also contends that the contempt judgment ordering his commitment to jail is void because the order of release from jail—dated November 25, 1980—had purged him of the contempt finding of November 3, 1980.

The district court's "Order of Release from Jail" is a form document which has several blanks filled in relating to how long the relator had spent in jail, etc., and the manner in which he had agreed to pay the arrearages. The last paragraph of the order appears as follows:

"IT IS, THEREFORE ORDERED that _____ be released from jail upon his promise to pay as set forth above. If these payments and promises are carried out, then he will be purged of Contempt. Upon failure to make these payments as set forth above a warrant will be issued immediately for his arrest, and he will be placed in jail until the full amount of arrears has been paid."

It is the relator's contention that the failure to fill in the blank renders the order of release vague and therefore the order should be interpreted as having purged him of contempt.

It is interesting to note that it is only the subject paragraph which contains an order that the relator's release and the fact of release is conceded, in fact relied upon.

Because the order is susceptible to more than one interpretation we give it that interpretation "which will render it the more reasonable, effective and conclusive, and which will make it harmonize with the facts and law of the case and be such as ought to have been rendered". *Keton v. Clark*, 67 S.W.2d 437, 439 (Tex.Civ.App.—Waco 1933, writ ref'd). Therefore, we hold that it was not intended that the relator be purged of the contempt found on November 3, 1980 but, instead, that it was intended that he be conditionally released from jail.

■ Because relator was not purged of this previous contempt, we reach his final contention that the June 15 order of confinement is void for want in the pleading of

complaint of any charge, that the relator failed to make his payments through the Tarrant County Child Support Office. We agree that the relator was not apprised of the second ground of contempt.

A separate and distinct penalty was imposed for this act of contempt and, as that is true, should not be enforced because it is appropriate to be considered deleted from the trial court's order. We hold that only a portion of the June 15 contempt order upon which probation was revoked (as to the sentence of 180 days confinement) is void. There remains, independently, valid reason for confinement for a period prescribed. Our reasoning discussed in regard to the February 1 delinquency is also applicable here.

The relator is remanded to the custody of the Sheriff of Tarrant County. In view of our holdings that two of the 180 day sentences are void, he is to be committed for only one 180 day term or until such time as he purges himself of contempt by paying the arrearage of $3,685.00 ($3,835.00 minus $150.00).

### OPINION ON MOTION FOR REHEARING

It is to be remembered that on June 15, 1981 the district court sentenced the relator to serve three consecutive 180 day sentences. Two of these sentences arose as a result of a hearing held on November 3, 1980 at which the relator was held in contempt on two separate counts. These two sentences were probated on November 25, 1980. The probation of these two sentences was revoked in the contempt judgment dated June 15, 1981. The third sentence was ordered for the first time on June 15, 1981.

On original submission the relator attacked the district court's revocation of probation in regard to the *second count* of contempt found in the order dated November 3, 1980 (failure to pay through the child support office) and the third sentence which was originally ordered on June 15, 1981. We sustained his assertions made on original submission; nevertheless a count remained by which we held him properly confined.

It is in his motion for rehearing that the relator, for the first time, attacks the revocation of probation in regard to the *first count* of contempt found on November 3, 1980 (failure to make ordered child support payments). Despite this late attack we deem it appropriate for our consideration. Were it presented by a new petition for writ of habeas corpus—and relator would be privileged to do this—we believe it would be appropriate and, if appropriate at such time, surely it is appropriate on the motion for rehearing.

In particular, the relator points to the motion for contempt show cause hearing filed September 22, 1980 which alleged that the relator was in arrears in the amount of $3,000.00 *through September 1, 1980.* The relator then points to the November 3 contempt judgment rendered in response to the September 22 motion, which held him in contempt for arrearages in the amount of $3,300.00 *through November 3, 1980.* It is apparent that the relator was not notified that he would be called upon to answer for his alleged failure to make the child support payments due in October and November; therefore, he cannot be held in contempt for failure to make these payments. *Ex parte Gordon,* 584 S.W.2d 686 (Tex.1979).

Inasmuch as the district court fixed a single sentence for the aggregate of the relator's monthly delinquencies through November 3, 1980, the entire portion of the November 3 judgment relating to the first count of contempt is void. *Ex parte Brown,* 574 S.W.2d 618, 621 (Tex.Civ.App.—Waco 1978, original proceeding).

Having ultimately determined that the June 15, 1981 contempt judgment ordering that the relator be confined to jail is void in all its particulars, we order that the relator be discharged.