

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00391-CV

| | | |
|---|---|---|
| In the Interest of T.G.-S.L., A Child | § | From the 323rd District Court |
| | § | of Tarrant County (323-93854J-10) |
| | § | January 4, 2013 |
| | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. The judgment is modified to delete any reference to an agreement or an agreed judgment. It is ordered that the judgment of the trial court is affirmed as modified.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00391-CV**


IN THE INTEREST OF T.G.-S.L., A
CHILD


----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant C.L. (Mother) appeals the trial court's order changing the name of her son T.G.-S.L. from Tailpipe Greasy-Spoon Lang to Taylor Gregory Lang.[2] We reform the trial court's order and affirm it as reformed.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use aliases for the child and his relatives throughout this opinion.  *See* Tex. R. App. P. 9.8(b)(2).  We use "Tailpipe Greasy-Spoon" to reflect the child's unusual given name, which is similarly comprised of objects not conventionally used for a human child's name.

**Background Facts**

Mother is a paranoid schizophrenic who has suffered from chronic mental health issues for years. Mother stopped taking medication for her schizophrenia about two years prior to trial. Dr. Nichelle Wiggins, a licensed clinical psychologist, described Mother's thought processes as "illogical" and testified that Mother was "not . . . in touch with reality."

Mother gave birth to Tailpipe Greasy-Spoon in December 2010.[3] The hospital contacted the Department of Family and Protective Services (DFPS) because Mother appeared unable to care for Tailpipe and the group home in which Mother lived would not allow her to bring the child with her.[4] In February 2011, the trial court granted DFPS temporary managing conservatorship and granted Mother's brother and his wife, T.L. and D.L. (Tony and Denise Lang), temporary possessory conservatorship of Tailpipe. In November 2011, the trial court entered an order removing DFPS as the temporary managing conservator

---

[3]Tailpipe's father is unknown. In her psychological evaluation, Dr. Wiggins asked Mother who Tailpipe's father was and Mother responded, "Science." When Dr. Wiggins asked what Mother meant, Mother said that "it is 'Nobody,'" and later said that she did not know who the father was so she just wrote "Science." She also reported that her current partner was "BQK08597," but she later explained that was the number on Tailpipe's hospital wristband.

[4]Dr. Wiggins reported that Mother told her that "she had one baby in the hospital and 'it was weird to look at'" and that Mother listed the name of her child as "Labor, heaven Change Space." She said that "picking up a baby when he cries spoils him," that "a child should be potty trained by the time he's one year old," and that children "are really little adults."

and appointing it as managing conservator and Tony and Denise as possessory conservators.

In August 2012, because Mother continued to refuse treatment for her mental health issues, DFPS moved to modify the managing conservatorship of Tailpipe, seeking to appoint Tony and Denise as the managing conservators. DFPS also sought to change Tailpipe's name from Tailpipe Greasy-Spoon Lang to Taylor Gregory Lang. After a bench hearing, the trial court appointed Tony and Denise as the managing conservators and ordered that Tailpipe's named be changed to Taylor Gregory. Mother then filed this appeal.[5]

**Discussion**

In Mother's first issue, she complains that the trial court's order erroneously recites that it was an agreed order. A valid agreed judgment waives any error, except for jurisdictional error, contained in the judgment and precludes appellate review of that judgment. *In re Ezukanma*, 336 S.W.3d 389, 398 (Tex. App.—Fort Worth 2011, no pet.). Here, the order states,

---

[5]On November 20, 2012, we notified Tony and Denise Lang that we had not received their appellees' brief. *See* Tex. R. App. P. 38.6(b). We notified the Langs that if they did not file a motion reasonably explaining the failure to file a brief and the need for an extension, the appeal would be set for submission without their appellees' brief. The Langs filed a brief in this court that contained a number of formal defects. *See* Tex. R. App. P. 9, 38. They did not file a motion explaining their failure to timely file a brief. We therefore order Tony and Denise's untimely brief stricken, and we proceed with this appeal as if they had failed to file a brief. *See* Tex. R. App. P. 38.9(a).

4

The Court finds that the parties and attorneys who appear herein agree to the provisions and terms of this Order as evidenced by their signatures.

The Court finds that the parties and attorneys agree that the following Orders are necessary for the safety and welfare of the Child and that such Orders are in the best interest of the Child.

Mother's attorney, her guardian ad litem, and the assistant criminal district attorney signed the order under the heading "approved as to form." Tailpipe's attorney and guardian ad litem signed it under the heading "approved as to form and substance." It is clear from the signatures as to form only that the order, despite its language to the contrary, was not an agreed order. *See Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied) (holding that order, despite notation that it was "Approved and Agreed," was not an agreed order when "nothing in the record or the judgment indicates that the parties entered or even contemplated a settlement or agreed judgment"). There is no other indication in the record that the parties agreed to any terms contained in the order. *See First Am. Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex. App.—Corpus Christi 1992, writ denied) (holding that a judgment entitled "Agreed Amended Judgment Nunc Pro Tunc" signed by appellant "approved as to form and substance" did not bar him from appealing the judgment when no other indications of agreement existed in the record). DFPS agreed in its brief that the order is not an agreed order and should be reformed. We therefore sustain Mother's first issue and reform the judgment to delete any reference to an agreement or an agreed judgment. *See* Tex. R. App.

5

P. 43.2(b); *Hawkins v. Comm'n for Lawyer Discipline*, 988 S.W.2d 927, 942 (Tex. App.—El Paso 1999, pet. denied), *cert. denied*, 529 U.S. 1022 (2000) (reforming order that incorrectly stated it was an agreed order and affirming the order as modified).

In Mother's second issue, she argues that the trial court abused its discretion in changing Tailpipe's name. A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

Section 45.004 of the family code allows for a child's name to be changed if the change is in the best interest of the child. Tex. Fam. Code Ann. § 45.004(a) (West 2008). The court has wide discretion in determining whether it

6

is in the child's best interest to grant or deny an application for name change. *G.K. v. K.A.*, 936 S.W.2d 70, 73 (Tex. App.—Austin 1996, no writ). The basic consideration in a proceeding of this character is the best interest of the child. *Newman v. King*, 433 S.W.2d 420, 423 (Tex. 1968). A parent's interests and desires are of secondary importance. *In re Guthrie*, 45 S.W.3d 719, 724 (Tex. App.—Dallas 2001, pet. denied). In determining the best interest of the child, the trial judge had broad discretion because she had the opportunity to observe and evaluate the personalities involved, weigh the credibility of their testimony, and assess the physical, mental, moral, and emotional needs of the child. *In re S.C.S.*, No. 05-09-00832-CV, 2010 WL 3091373, at *4 (Tex. App.—Dallas Aug. 6, 2010, pet. denied) (mem. op.) (citing *Bennett v. Northcutt*, 544 S.W.2d 703, 708 (Tex. Civ. App.—Dallas 1976, no writ).

Mother first argues that because the order did not contain a finding that the trial court found the name change to be in the best interest of the child, "the name change was arbitrary because it was not tied to any legal standard."[6] The lack of an explicit finding of best interest does not mean that the trial court did not determine that the name change was in the child's best interest. Mother did not request findings pursuant to rule 296 of the rules of civil procedure, and there

---

[6]The order stated, "The Court finds that the parties and attorneys agree that the following Orders are necessary for the safety and welfare of the Child and that such Orders are in the best interest of the Child." It did not contain a finding that the trial court itself found that the order was in the best interest of the child.

were no separately entered findings of fact or conclusions of law after the order. *See* Tex. R. Civ. P. 296. In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871–72 (Tex. 2010); *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 332 S.W.3d 1, 7 (Tex. App.—Fort Worth 2010, pet. granted). When a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Moncrief Oil*, 332 S.W.3d at 7. When such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 767 (Tex. 2011); *Liberty Mut.*, 295 S.W.3d at 777.

Mother does challenge the legal and factual sufficiency of the evidence supporting the name change. As we have previously explained,

> Legal and factual sufficiency are not independent grounds for review in conservatorship cases, but they are relevant factors in deciding whether an abuse of discretion occurred. In determining whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) Did the trial court have enough

8

information upon which to exercise its discretion; and (2) did the trial court err in applying its discretion?

*In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no pet.) (citations omitted).  This court and some of our sister courts have identified a nonexclusive list of factors to consider in determining whether the name change is in the best interest of the child, including the following relevant factors:

- whether the changed name or the original name would best avoid embarrassment, inconvenience, or confusion;

- the length of time that the child has carried the original name;

- the degree of community respect associated with the original and changed names;

- whether the change will positively or adversely affect the bond between the child and the parent or the parent's families;

- the preference, maturity, and age of the child;

- whether the party seeking the name change is motivated by an attempt to alienate the child from a parent.

*In re A.W.G.*, No. 02-10-00376-CV, 2011 WL 3795237, at *3 (Tex. App.—Fort Worth Aug. 25, 2011, no pet.).

The DFPS caseworker testified that she believed it was in Tailpipe's best interest to change his name.  She explained that the Langs call Tailpipe "Tay." Denise Lang testified that she wanted the name change and believed the proposed order was in Tailpipe's best interest.  Neither the caseworker nor Denise explained why they believed the name change was in Tailpipe's best

9

interest. Mother testified that she wanted his name to remain Tailpipe Greasy-Spoon. When she was asked why, she answered, "Because I love him."

Although no witness testimony was presented regarding the above-listed factors, the name itself is evidence enough upon which the trial court could exercise its discretion. No reasonable trier of fact could find that being named Tailpipe Greasy-Spoon would not lead the child to suffer embarrassment, inconvenience, and confusion. Neither does a name comprised of soiled, inanimate objects lend itself to respect in the community. The Langs call Tailpipe by the nickname "Tay," which is also a diminutive of Taylor. At the time of the hearing, Tailpipe was one year old. Considering his young age and that he is not called by his given name, Tailpipe could not have formed an attachment to his given name that would lead to a difficult transition to a new name. Further, there was no evidence that Tony and Denise or DFPS was motivated by an attempt to alienate the child from Mother. Keeping in mind that the ultimate concern of the court is the child's best interest, we cannot say that the trial court abused its discretion in changing Tailpipe's name from Tailpipe Greasy-Spoon Lang to Taylor Gregory Lang. We overrule Mother's second issue.

## Conclusion

Having sustained Mother's first issue, we reform the judgment to delete any reference to an agreement or an agreed judgment. Having overruled Mother's second issue, we affirm the trial court's judgment as modified.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED: January 4, 2013