**Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01105-CV

---

### IN RE DAVID HOSSIEN MERRIKH, Relator

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

On December 11, 2012, relator filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Roy L. Moore, presiding judge of the 245th District Court of Harris County to vacate his Order of Enforcement by Contempt and Commitment, signed October 5, 2012.

We ordered relator released upon the posting of a bond pending a decision in this case. A response was requested from the real party in interest, Jamileh

Merrikh, to be filed on or before January 11, 2012. As of this date, no response has been filed.

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt is void. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon,* 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *Ex parte Barlow,* 899 S.W.2d 791, 794 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding).

In his petition, relator complains of that portion of the order imposing incarceration for criminal contempt. If contempt is requested within a motion for enforcement, the motion must also include the portion of the order allegedly violated, each date of alleged contempt, the amount due, and any amount paid. Tex. Fam. Code Ann. § 157.002(b)(2) (Vernon Supp.1998). "The purpose of this section is to provide a respondent with proper notice of the allegations of contempt for which he must prepare a defense at the hearing on the motion." *See In re Ezukanma*, 336 S.W.3d 389, 395 (Tex. App. -- Fort Worth 2011, orig. proceeding) (citing *Ex parte Conoly,* 732 S.W.2d 695, 698 (Tex.App.-Dallas 1987, orig. proceeding)). If the order fails to provide such notice, the punitive portion of the order is void. *See Ezukanma,* 336 S.W.3d at 395. The record contains evidence

2

that some payments were made but neither the motion to enforce nor the order reflects payments made.

Accordingly, we grant relator's petition and vacate the trial court's order holding him in contempt and ordering that he be incarcerated. We further order relator released from the bond set by this court on December 23, 2012, and order relator discharged from custody.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

3